**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald Vaughn Gwen,<br><br>Petitioner,<br><br>v.<br><br>Attorney General of the State of Arizona, et al.,<br><br>Respondents. | No. CV-21-08074-PCT-JAT<br><br>**ORDER** |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. The Magistrate Judge to whom this case was assigned issued a Report and Recommendation ("R&R") recommending that the Petition be denied without prejudice because Petitioner's claims are unexhausted and because Petitioner's direct appeal of his conviction is still pending before the Arizona Courts.[1]  (Doc. 18).  Neither party has objected to the R&R and the time for filing objections has run.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that

---

[1] The Court notes that the R&R mistakenly indicates that Petitioner was convicted in Maricopa Court Superior Court in Arizona. Petitioner was convicted in Yavapai County Superior Court in Arizona. (Doc. 1, Doc. 15-1). This correction does not impact this Court's jurisdiction or the legal issues in this case.

*de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").[2]

There being no objections,

**IT IS ORDERED** that the R&R (Doc. 18) is accepted as modified in footnote 1.

**IT IS FURTHER ORDERED** that the Petition in this case is dismissed, without prejudice, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FINALLY ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because dismissal of the petition is based on a plain procedural bar and jurists of reason would not find this Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 20th day of October, 2021.

James A. Teilborg
Senior United States District Judge

---

[2] The Court notes that the Notes of the Advisory Committee on Rules appear to suggest a clear error standard of review under Federal Rule of Civil Procedure 72(b), citing *Campbell*. Fed. R. Civ. P. 72(b), NOTES OF ADVISORY COMMITTEE ON RULES—1983 citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879 (The court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The court in *Campbell*, however, appears to delineate a standard of review specific to magistrate judge findings in the motion to suppress context. *See Campbell*, 501 F.2d at 206–207. Because this case is not within this limited context, this Court follows the Ninth Circuit's *en banc* decision in *Reyna-Tapia* on the standard of review.